# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STAES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-CR-112 HEA |
| ) | |
| CHUCKIE MARION, ) | |
| ) | |
| Defendant, ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Chuckie Marion's Motion to Suppress Evidence and Motion to Suppress Statements.[1] (ECF Nos. 60 and 61). All pretrial matters in this case were referred to United States Magistrate Judge Shirley Padmore Mensah pursuant to 28 U.S.C. § 636(b). On May 6, 2025, following an evidentiary hearing on the motions, Judge Mensah issued a Report and Recommendation, recommending that Defendant's Motion to Suppress Evidence and Motion to Suppress Statements be denied.

---

[1]Defendant is charged in a three-count superseding indictment under 18 U.S.C. § 922(g)(1) for felon in possession of a firearm, 21 U.S.C. § 841(b)(1)(B)(iii) for possession with the intent to distribute more than 28 grams of cocaine base, and 18 U.S.C. § 924(c)(1)(A)(i) for knowingly possessing a firearm in furtherance of a drug trafficking crime. (ECF No. 81)

## *Background*

On November 10, 2025, Defendant Chuckie Marion's former counsel, David Bryant, filed objections to Judge Mensah's Report and Recommendation. (ECF No. 124). Defendant Chuckie Marion also submitted *pro se* objections to Judge Mensah's Report and Recommendation in four separate filings, despite the fact that he was represented by appointed counsel. (ECF Nos. 110, 111, 122, and 123).

On November 24, 2025, Defendant Chuckie Marion filed a motion for new counsel. On January 12, 2026, following a hearing on the issue, the Court granted the motion and appointed attorney Joan K. Miller as new counsel for Defendant. Ms. Miller entered an appearance in this case on January 13, 2026. Following her entry of appearance, Ms. Miller did not move to supplement the objections Mr. Bryant had filed.

Defendant has been represented by counsel throughout these proceedings, therefore, the Court will not consider Defendant's *pro se* objections, which he made in multiple filing and were not submitted by his appointed counsel. *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001) ("A district court has no obligation to entertain *pro se* motions filed by a represented party."); *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994) ("There is no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel.").

*Legal Standard*

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. *See United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)). The Court has reviewed the record in this case, including the transcript of the evidentiary hearing and all exhibits. After conducting *de novo* review of the record, the Court concludes Defendant's Motion to Suppress Evidence should be denied, and his Motion to Suppress Statements should be granted in part and denied in part.

*Discussion*

A.   **Motion to Suppress Evidence**

Defendant moves to suppress evidence taken from his car, and more specifically a firearm, bags of drugs, and a digital scale. He argues that his car was searched twice without a warrant, and there was no probable cause to initiate the two searches.

It is here noted, Defendant does not object to Judge Mensah's factual findings. To summarize, Judge Mensah found that Officer Stoll and Officer Ruffin were patrolling a high crime area in a patrol car when they observed Defendant's car making a turn without signaling. The officers also observed that the car was traveling with expired temporary tags. They activated their lights and sirens and

3

attempted to make a traffic stop. Defendant refused to stop, and a high-speed pursuit ensued. During the chase, Defendant committed numerous traffic violations, including failing to stop at stop signs and signals and excessive speeding in a residential area. Defendant drove into an alley and abandoned his car on a parking pad behind a duplex and fled on foot.

With the help of Air Assistance, the officers were able to locate the car shortly thereafter. They observed the car parked and heard Defendant attempting to climb a chain link fence. Officer Ruffin told Officer Stoll to "clear the vehicle." He testified that this was for safety reasons – to make sure there were no other suspects inside the vehicle that could have harmed the officers. At the time, the two officers did not know if there were other passengers in the vehicle because it was night and the car windows were tinted. Officer Stoll opened the driver's side door, which was unlocked, and observed an assault rifle resting on the passenger seat.

Meanwhile, Officer Ruffin engaged in a foot pursuit chasing Defendant. He was able to catch up with Defendant, who was placed in handcuffs and taken into custody. Officer Ruffin left Defendant with Officer Nelson and another officer and returned to Defendant's car, which was about a block or two away.

Officer Ruffin conducted a search of the car. He opened the front passenger side door and found the firearm. The firearm was removed and placed in the trunk. Officer Ruffin opened the center console and found three clear knotted bags

4

containing white chunks, two clear knotted bags containing multicolored tablets, and a digital scale.

The Court finds that under the factual circumstances, the officers reasonably believed that there might be suspects in the car who posed a threat, and it was lawful for Officer Stoll to open the car door to "clear" the car, and the firearm was in plain view. *United States v. Brown*, 653 F.3d 656, 661 (8th Cir. 2011) ("Under the plain view exception, officers may seize an object without a warrant if they are lawfully in a position from which they view the object, the incriminating character of the object is immediately apparent, and the officers have a lawful right of access to the object."); *United States v. Bynum*, 508 F.3d 1134, 1137 (8th Cir. 2007) (an "officer may seize an object in plain view provided the officer is lawfully in the position from which he views the object, the object's incriminating character is immediately apparent, and the officer has a lawful right of access to the object."). The firearm is admissible under the plain view doctrine.

The drugs and scale were found during a second search of the vehicle that was conducted without a warrant. In her Report and Recommendation, Judge Mensah wrote there was some merit to Defendant's argument that the second search did not satisfy the requirements for a valid search incident to arrest under *Arizona v. Gant*, 556 U.S. 332 (2009). However, she found that based on the facts and circumstances of the search, there was probable cause to believe Defendant's car contained

5

evidence of contraband or criminal activity, and the search was lawful under the automobile exception. *United States v. Oliver*, 950 F.3d 556, 563 (8th Cir. 2020) ("When probable cause exists to believe that contraband is located inside the vehicle, a police officer may search the passenger compartment and trunk under what is known as the automobile exception.") (cleaned up). *See also United States v. Shackleford*, 830 F.3d 751, 753 (8th Cir. 2016); *United States v. Davis*, 569 F.3d 813, 816 (8th Cir. 2009). Under the automobile exception, police may search every part of the vehicle that may contain the object of the search, including the center console. *United States v. Coleman*, 700 F.3d 329, 336 (8th Cir. 2012).

Defendant objects to Judge Mensah's findings and argues that probable cause did not arise to justify the second search of the car under the automobile exception. In his Objections, Defendant merely states that probable cause did not exist to search the vehicle; he fails to provide any explanation or legal authority to support his argument.

Judge Mensah found the officers had probable cause to believe Defendant was involved in criminal activity and that the car contained evidence of criminal activity based on the following: Defendant had fled from police at a high rate of speed when officers activated their lights and sirens to conduct a traffic stop; he parked his vehicle in an alley behind a private residence and fled on foot; Defendant did not go to the house but traversed the backyard and was apprehended after attempting to

6

climb a chain-link fence. Judge Mensah found probable cause to search the car was also supported by the fact that the events took place in a high crime area, and Defendant asked if he would be charged for what was in his car. "Considering Marion's flight from law enforcement and his spontaneous post-arrest statements suggesting consciousness of guilt, it was not unreasonable for the officers, who were familiar with the area as a high crime area, to believe that the gun found near the front passenger seat may be contraband. Nor was it unreasonable, under the totality of the circumstances, for the officers to believe that they would find other contraband, including other weapons, concealed in the car." (ECF No. 109 at 10).

The Court agrees that based on the totality of the circumstances, it was reasonable for Officer Ruffin to believe that the car contained contraband or evidence of criminal activity, and the search did not violate the Fourth Amendment but was lawful under the automobile exception. *Shackleford*, 830 F.3d at 753; *Davis*, 569 F.3d at 816. *See also United States v. Flores-Lagonas*, 993 F.3d 550, 561 (8th Cir. 2021) (finding flight from police – first by car and then by foot – created independent grounds to support probable cause that defendant had committed a crime and, "[c]onsequently, the arrest and subsequent search of [the defendant]'s vehicle did not violate his Fourth Amendment rights."); *United States v. Smith*, 990 F.3d 607, 612 (8th Cir. 2021) ("Once [officer] reported seeing the gun on the driver's-side floorboard, [other officer] had the requisite probable cause to search the

7

vehicle"); *United States v. Sledge*, 460 F.3d 963, 966 (8th Cir. 2006) (flight from police officer created probable cause to arrest defendant and search his person).

But even if the circumstances of this case do not support probable cause to justify a search under the automobile exception, the Court finds there was an independent basis for the second search of the car, namely that Defendant had abandoned the vehicle. Under Eighth Circuit law, an individual who flees the police by car and later abandons it unlocked to continue fleeing on foot loses his or her expectation of privacy in the vehicle under the Fourth Amendment. *See United States v. Smith*, 789 F.3d 923, 929 (8th Cir. 2015) (finding abandonment where defendant fled from scene of lawful traffic stop, led officers on high-speed chase, then left the vehicle behind after it was rendered inoperable); *United States v. Smith*, 648 F.3d 654, 660 (8th Cir. 2011) (finding driver abandoned unlocked vehicle after officers stopped him and he ran into an open field). "The issue is not abandonment in the strict property right sense, but rather, whether the defendant in leaving the property has relinquished [his] reasonable expectation of privacy so that the search and seizure is valid." *Id.* (quoting *United States v. Hoey*, 983 F.2d 890, 892–93 (8th Cir. 1993)). "Whether an abandonment has occurred is determined on the basis of the objective facts available to the investigating officers, not on the basis of the owner's subjective intent." *United States v. Tugwell*, 125 F.3d 600, 602 (8th Cir. 1997).

8

Here, Defendant engaged the police in a high-speed chase through residential streets; he then exited his car and fled on foot to evade police capture and began climbing a chain link fence leaving his unlocked car behind. The Court finds based on the facts of this case, that it was reasonable for the officers to conclude that he had abandoned the car such that he had relinquished an expectation of privacy. *Smith*, 789 F.3d at 929; *Smith*, 648 F.3d at 660. Defendant's motion to suppress evidence is denied.

**B. Motion to Suppress Statements**

Defendant also moves to suppress statements he made to the police before he was advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). More specifically, he moves to suppress statements he made about a gun being in his car and his statements about his past criminal record.

*1. Defendant's statements about the gun.*

After fleeing from the police, both in his car and on foot, Defendant was apprehended and placed in handcuffs. Judge Mensah made the following findings of fact regarding the statements he then made to the police:

> Once Marion was handcuffed, Officer Ruffin placed him in the custody of Officer Nelson, another officer who had arrived to assist. The audio is difficult to hear but it appears that while standing outside of Officer Nelson's police vehicle Marion made a statement to Officers Ruffin and Nelson about his glasses that were broken during the arrest. See Govt. Ex. 9, 1:05-1:26. During the exchange, Marion made a reference to something being in his car and appears to be asking the officers if he is going to be charged "for that." In response, one officer said, "I don't

9

> know what's in your car" and another asked, "What's in your car?" Marion responded, "I know what's in my car, the gun." *Id.* Around that time, Officer Stoll advised over the radio that he saw a gun in the Lincoln, Officer Nelson responded, "the driver just acknowledged it." *See* ECF No. 85, at p. 35

(ECF No. 109 at 6-7). Defendant argues his statements should be suppressed as the fruit of an unlawful custodial interrogation.

In her Report and Recommendation, Judge Mensah concluded that Defendant's statements about the gun were spontaneous and not made in response to an interrogation and, therefore, *Miranda* does not bar the government from introducing these statements into evidence. (*Id.* at 6-7) (citing *United States v. Chipps*, 410 F.3d 438, 445 (8th Cir. 2005)). She found that the facts show that the exchange between Defendant and the two officers was initiated by Defendant. "Although one of the officers can be heard on video asking, 'what's in your car,' taken in context, it is clear the officer was asking the question in response to Marion's spontaneous statement." *Id.* at 7.

In his Objections, Defendant challenges Judge Mensah's findings of fact. He contends that the conversation about the gun did not include Officer Ruffin, and he argues that had Judge Mensah found that the conversation did not include Officer Ruffin, "the United States Magistrate's ruling would have been different." (ECF No. 124 at 3).

10

The Court agrees with Defendant that the evidence does not show that Officer Ruffin was with him at the time the exchange about the gun took place. According to video from Officer Nelson's body camera, the conversation about the gun occurred at 11:31 p.m. Reviewing Officer Ruffin's body camera video, Officer Ruffin had left Defendant in Officer Nelson's custody about two minutes earlier at 11:29 p.m., and at 11:31 p.m., he was approximately a block away walking back to Defendant's car.

However, in his Objections, Defendant does not explain how Judge Mensah's ruling would have been different had she found Officer Ruffin was not present during the conversation about the gun. Officer Ruffin's absence does not change the fact that the evidence shows Defendant initiated the conversation about the gun in his car. The Court finds that although Officer Ruffin was not present when Defendant made statements about the gun in the car, this does not materially affect Judge Mensah's legal conclusions. The evidence in the record shows that while he was in custody, Defendant initiated the conversation about the gun in his car with two officers – Officer Nelson and another officer. The Court finds that Defendant's statement about the gun in his car is admissible under *United States v. Chipps*, 410 F.3d 438, 445 (8th Cir. 2005). Defendant's objections regarding the admissibility of his statement about the gun are without merit.

2. *Defendant's statements about his criminal history.*

Defendant also objects to Judge Mensah's finding "that further conversations between the defendant and officers were initiated by the defendant, including officer's question of whether the defendant was a convicted felon." (ECF No. 124 at 3). In his Motion to Suppress Statements, Defendant moved to suppress any statements he made about his criminal history while he was in custody. The Court has carefully reviewed the Report and Recommendation, and there are no findings as to the admissibility of Defendant's statements about his criminal history, which were made before a *Miranda* warning was given.

According to video taken from Officer Nelson's body camera, shortly after the conversation about the gun in Defendant's car, Officer Nelson turned and had a brief exchange with other officers on his radio about Defendant's statement regarding the gun. Officer Nelson then moved to the rear end of the police vehicle and picked up what appear to be retractable tire spikes from the ground. He then walked around to the passenger door and placed the spikes on the front passenger seat. Officer Nelson closed the passenger door and walked back around to the driver side of the vehicle, where Defendant and another officer were standing, and he initiated the following conversation with Defendant, which took place at approximately 11:33 p.m.:

> Officer Nelson: Are you convicted?
> Defendant: Huh?

12

> Officer Nelson: Are you a convicted felon
> Defendant: Of what?
> Officer Nelson: Are you convicted for a felony?
> Defendant: Not like for years.
> Officer Nelson: But you are at some point in your life?
> Defendant: Yeah, like 20 years ago.

(Hearing Ex. 9, 2:28-3:00). During this questioning, Defendant was in handcuffs, and the unidentified officer was holding his arm. It is undisputed that Defendant had not been given a *Miranda* warning prior to this exchange.

Based on the evidence in the record, the Court finds that this questioning was separate from the conversation Defendant initiated about the gun. It is separate because Officer Nelson left the area after the gun conversation; he took up another task, and then over a minute later, he returned to the area where Defendant and the other officer were standing, and he led with a question about whether Defendant was a convicted felon. It was a separate interaction that qualifies as an interrogation. *United States v. Wipf*, 397 F.3d 677, 685 (8th Cir. 2005) ("[I]nterrogation encompasses 'any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.'") (quoting *Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980)). The Court finds that Defendant's statements about his criminal history were in response to a police interrogation that took place while he was in custody, and because Defendant had not received a *Miranda*

13

warning, his statements are inadmissible. The Court grants Defendant's motion to suppress statements he made about his criminal history.

## *Conclusion*

In sum, the Court adopts Judge Mensah's Recommendation of denial as to Defendant's motion to suppress evidence that was obtained from his car, including the firearm, drugs, and scale. The Court also adopts Judge Mensah's Recommendation of denial as to Defendant's motion to suppress statements Defendant made regarding the gun in his car. The Court, however, finds that Defendant's motion to suppress statements he made regarding his criminal history has merit, and the Court will grant Defendant's motion in part.

Accordingly,

**IT IS HEREBY ORDERED** that consistent with the terms of this Opinion, Memorandum, and Order, the Report and Recommendation of United States Magistrate Judge is **SUSTAINED, ADOPTED,** and **INCORPORATED in part.** [ECF No. 109]

**IT IS FURTHER ORDERED** that Defendant Chuckie Marion's Motion to Suppress Evidence is **DENIED.** [ECF No. 60]

**IT IS FURTHER ORDERED** that Defendant Chuckie Marion's Motion to Suppress Statements is **GRANTED in part and DENIED in part**. Consistent with the terms of this Opinion, Memorandum, and Order, the Motion is **GRANTED** to

the extent that Defendant Chuckie Marion's statement regarding his criminal history shall be suppressed.  In all other respects, the Motion is **DENIED.**  [ECF No. 61]

Dated this 20th day of February, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE